# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

GREGORY BOYD                                                            PLAINTIFF

V.                                               CIVIL ACTION NO. 3:11-CV-694-CWR-LRA

ERGON MARINE & INDUSTRIAL SUPPLY, INC.                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendant Ergon Marine & Industrial Supply, Inc.'s Motion for Partial Summary Judgment [Docket No. 33]. The Court, after reviewing the motion, briefs of the parties, and relevant law, finds that the motion must be DENIED.

## I. BACKGROUND

Plaintiff Gregory Boyd alleges that he sustained an electrical injury while working for Defendant Ergon Marine & Industrial Supply, Inc. ("Ergon") on December 3, 2008, aboard an Ergon tugboat. At the time of Plaintiff's injury, he was a maintenance mechanic, a position that he held from May 2006 to May 2010.

Plaintiff filed a negligence action against Ergon on November 10, 2011, under the Jones Act, 46 U.S.C. § 30104, for injuries that he sustained on December 3, 2008. In addition, this lawsuit alleges negligence and seeks damages for a second injury he sustained on August 11, 2010. Ergon acknowledges that Plaintiff was a seaman at the time of his August 11, 2010, incident. It, however, has filed a motion for partial summary judgment, arguing that Plaintiff "was a land-based employee in 2008 and his sole remedy for damages related to the December 3, 2008 incident is through the Longshore and Harbor Workers' Compensation Act," 33 U.S.C. §§ 901-950, not the Jones Act. Docket No. 34, at 4.

## II. LEGAL STANDARD

Summary judgment is only appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party," *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citation omitted), and a fact is material if it is one that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. Fed. R. Civ. P. 56(c)(1). That evidence may include "depositions, . . . affidavits or declarations, . . . or other materials." *Id.* When evaluating a motion for summary judgment, a court refrains from making credibility determinations and does not weigh evidence or draw from the facts legitimate inferences for the movant. *Strong v. Dep't of Army,* 414 F. Supp. 2d 625, 628 (S.D. Miss. 2005).

"The seaman inquiry is a mixed question of law and fact, and it often will be inappropriate to take the question from the jury." *Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 554 (1997). Summary judgment, therefore, shall be denied unless "the facts and the law will reasonably support only one conclusion." *Id.* (quotation marks and citation omitted). If reasonable persons could differ as to whether an employee is a seaman, the question must go to the jury. *Chandris, Inc. v. Latsis*, 515 U.S. 347, 369 (1995).

# III. ANALYSIS

The Jones Act, 46 U.S.C. § 30104, and the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950, provide injured maritime workers avenues for receiving compensation for their injuries. Under the Jones Act, a "seaman injured in the course of employment" may bring a civil action against his or her employer, with the right of a trial by jury. 46 U.S.C. § 30104. A plaintiff's classification as a seaman is crucial to determining what damages an injured employee may recover for his employer's negligence. The Jones Act provides an injured seaman "a cause of action permitting unlimited damages against the negligence of [the seaman's] employer," *Becker v. Tidewater, Inc.*, 335 F.3d 376, 386 (5th Cir. 2003), while a land-based maritime worker who suffers an injury may not sue his employer for negligence, but instead is limited to receiving scheduled compensation for the injury under the LHWCA, *Chandris*, 515 U.S. at 355.

The LHWCA is a no-fault maritime workers' compensation scheme that allows an injured worker to receive "medical costs, prejudgment interest, and two-thirds of the worker's salary for as long as the disability persists," but which excludes from its coverage "a master or member of a crew of any vessel." *Becker*, 335 F.3d at 387 (citations omitted); *Papai*, 520 U.S. at 553 (quoting 33 U.S.C. § 902(3)(G)). The "master or member of a crew" who is excluded from coverage under the LHWCA is synonymous with the Jones Act's "seaman" who may sue his employer for damages, and thus, "the Jones Act and the LHWCA are mutually exclusive compensation regimes." *Chandris*, 515 U.S. at 355-56.

A Jones Act plaintiff has the burden of establishing seaman status. *Bernard v. Binnings Constr. Co., Inc.*, 741 F.2d 824, 827 (5th Cir. 1984). While the Jones Act does not define

"seaman," the Unites States Supreme Court has rendered several opinions aimed at clarifying the meaning of the term. In order to qualify as a seaman, a plaintiff must have an "employment-related connection to a vessel in navigation." *Chandris*, 515 U.S. at 376 (quotation marks and citation omitted). A maritime worker has an employment-related connection to a vessel in navigation if two elements are satisfied: (1) "The worker's duties . . . contribute to the function of the vessel or to the accomplishment of its mission," and (2) "the worker . . . ha[s] a connection to a vessel in navigation (or an identifiable group of vessels) that is substantial in terms of both its duration and its nature." *Id.*

The courts have established numerous guidelines to consider when analyzing the requirements for seaman status. On the issue of whether a vessel is "in navigation," the general rule "is that vessels undergoing repairs or spending a relatively short period of time in drydock are still considered to be 'in navigation' whereas ships being transformed through 'major' overhauls or renovations are not." *Id.* at 374 (citation omitted). Furthermore, "the underlying inquiry whether a vessel is or is not 'in navigation' for Jones Act purposes is a fact-intensive question that is normally for the jury and not the court to decide." *Id.* at 373.

The threshold requirement that a worker contribute to the function of a vessel or to the accomplishment of its mission "is very broad: 'All who work at sea in the service of a ship' are *eligible* for seaman status." *Id.* at 368 (quoting *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 354 (1991)). On the issue of whether a plaintiff's temporal connection to a vessel or fleet of vessels is substantial, the Fifth Circuit has developed, and the Supreme Court has adopted, the rule of thumb that "[a] worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act." *Id.* at 371. The

4

inquiry regarding whether the nature of a plaintiff's connection to a vessel is substantial focuses on whether "the employee's connection to the vessel regularly exposes him to the perils of the sea." *In re Endeavor Marine, Inc.*, 234 F.3d 287, 291 (5th Cir. 2000) (quotation marks and citations omitted).

In support of its motion, Ergon relies heavily on the affidavit of Daniel Koestler, an Ergon executive, who avers that Plaintiff's duties as a mechanic consisted of "minor maintenance" to Ergon's vessels that typically took place at Ergon's permanently moored dock barge, but that "[t]he majority of [Plaintiff's] work . . . was performed around the facility and in the maintenance warehouse, working on pumps and grounds equipment." Docket No. 33-1, at 2; Docket No. 34, at 2-3. Koestler asserts that Plaintiff "was not a crew member of any vessels," and that "[l]ess than 10% of [Plaintiff's] work as a mechanic occurred in the service of vessels in navigation." Docket No. 33-1, at 2-3.

Plaintiff's testimony contradicts that which has been offered by Ergon. He insists that as a mechanic, he was a crew member of "[a]ll of Ergon's boats," and that he spent 60 to 80 percent of his work hours on Ergon's vessels. Docket No. 43-1, at 3; Docket No. 47-1, at 1. He further states that during his employment with Ergon, he serviced and repaired the vessels; rode the vessels on a daily basis to determine what repairs were needed and to reach other vessels; sometimes ate on the vessels; and performed duties such as tying lines, fueling vessels, loading and unloading equipment, and bilging out vessels. Docket No. 43-1, at 6-7; Docket No. 47-1, at 1-2.[1]

---

[1] Plaintiff initially submitted an unsigned affidavit with his opposition, Docket No. 43-2. Plaintiff subsequently filed a Motion for Leave to submit a signed version of the affidavit, Docket No. 47. The Court grants Plaintiff's Motion for Leave, as it is in the Court's discretion to allow a party an opportunity to properly support an assertion of fact. *See* Fed. R. Civ. P. 56(e).

Although Ergon argues that at the time of Plaintiff's December 2008 accident, Plaintiff was a land-based maintenance mechanic who did not qualify as a seaman, summary judgment is inappropriate because of the following:

(1) A reasonable jury could conclude on these facts that Plaintiff's duties as a mechanic contributed to the function or mission of a fleet of vessels in navigation.

(2) Genuine disputes of material fact exist regarding the duration and nature of Plaintiff's connection to Ergon's fleet of vessels. *See Lee v. Nat'l R.R. Passenger Corp. (Amtrak)*, No. 3:10-cv-00392-CWR-LRA, 2011 WL 6781013, at *3 n.31 (S.D. Miss. Dec. 27, 2011) (citing *Vaughn v. Woodforest Bank*, 665 F.3d 632, 639 (5th Cir. 2011)) ("The tasks of weighing the evidence and of evaluating the credibility of witnesses belong to the jury."). Because there is a genuine dispute of material fact, summary judgment must be denied. *See Grab v. Boh Bros. Constr. Co.*, Nos. 11-30606, 11-30999, 2013 WL 64364, at *5 (5th Cir. Jan. 4, 2013) (unpublished) (affirming district court's finding that ironworker was a seaman where his duties and portion of time onboard crane barge were the subject of intense factual dispute at trial); *Naquin v. Elevating Boats, LLC*, 842 F. Supp. 2d 1008, 1010-19 (E.D. La. 2012) (holding that fact issues precluded summary judgment as to repair supervisor's claim that he was a seaman).

## IV. CONCLUSION

For the foregoing reasons, Defendant Ergon Marine & Industrial Supply, Inc.'s Motion for Partial Summary Judgment is DENIED.

---

In its reply memorandum, Docket No. 45, Ergon argues that Plaintiff's affidavit does not present a genuine dispute of fact because it "does not specifically refer to the critical time frame when Boyd was a mechanic." Docket No. 45, at 3. However, the Court finds that Plaintiff's evidence, including his affidavit and deposition excerpts, is sufficient to present a genuine dispute of material fact about how much time Plaintiff spent on vessels while he was employed as a mechanic. *See* Docket No. 43-1 (Boyd Dep.), at 3 ("Q. And, again, what percentage of your time was mechanic fixing on land, and what percentage of your time was mechanic stuff on boats on the sea? A. Seventy to 80 percent on water.").

**SO ORDERED**, this the 15th day of January, 2013.

                                          s/ Carlton W. Reeves
                                          UNITED STATES DISTRICT JUDGE